**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DR. MOHAMMED RAHIM UDDIN CHOWDHURY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action File No. 1:23-CV-02420-SDG-CMS |
| THE BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, ) ) ) ) ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Board of Regents of the University System of Georgia (Defendant or BOR) hereby files this Memorandum of Law in Support of Its Motion for Partial Judgment on the Pleadings. Specifically, any claim related to Plaintiff's assertion that he was denied Promotion and Tenure (P&T) should be dismissed as untimely. In further support of Defendant's Motion for Partial Judgment on the Pleading, Defendant provides the following:

**I.   INTRODUCTION**

Plaintiff Dr. Mohammed Chowdhury, who is proceeding *pro se*, is a former tenure-track professor at Kennesaw State University. In his Second Amended

Complaint, Plaintiff pursues claims for race and national origin discrimination, harassment and retaliation under Title VII of the Civil Rights Act of 1964.

A large portion of Plaintiff's Second Amended Complaint should be dismissed as untimely. Indeed, the central claim in his Second Amended Complaint—that KSU denied his P&T application—is time barred because Plaintiff failed to file a charge of discrimination with the Equal Employment Opportunity Commission within 180 days. More specifically, KSU's President provided him with formal notice that he was being denied P&T on March 12, 2021. Nevertheless, he did not file his Charge of Discrimination until 572 days later, well outside the 180-day deadline set out in Title VII. For this reason, Plaintiff is time-barred from asserting any claims related to his P&T denial and any claims associated with this allegation should be dismissed with prejudice.

## II. STATEMENT OF FACTS

### A. Procedural History

We are now on Plaintiff's third iteration of his complaint. Plaintiff initially filed a complaint on May 30, 2023 naming KSU as the defendant and alleging KSU discriminated against him based on his race, religion, and national origin in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1, Compl.) Plaintiff also alleged harassment and retaliation claims. (*Id.*) KSU moved to dismiss the complaint.

On September 7, 2023, Magistrate Judge Salinas entered a report and recommendation granting the motion, but she also permitted Plaintiff to amend his deficient complaint. (Doc. 14) A few months later, the district judge adopted the recommendations, dismissed KSU from the case, and allowed Plaintiff to file and serve an amended complaint. (Doc. 21)

On April 16, 2024, Plaintiff then filed an amended complaint naming the Board of Regents as the defendant and asserting a single claim under 42 U.S.C. § 1981. (Doc. 22) The BOR again moved to dismiss Plaintiff's Amended Complaint. (Doc. 23) Ultimately, Plaintiff sought leave to file a second amended complaint. (Doc. 24-1)

On March 26, 2025, the Court entered an Order permitting Plaintiff to file a Second Amended Complaint. (Doc. 38) In the Order, the Court dismissed Plaintiff's claims under the Georgia Fair Employment Practices Act and directed the defendant to file an Answer to the Second Amended Complaint. (*Id.*) The BOR timely filed an Answer on April 9, 2025. (Doc. 41)

### B. Relevant Facts

In August 2015, Plaintiff began his employment with KSU as a tenure-track professor in the Department of Statistics and Analytical Sciences. (Doc. 39 ¶ 3) As a tenure-track professor, Plaintiff was subject to periodic evaluations to assess his teaching, research and professional services. (*Id.* ¶ 16) During his fifth-year

3

evaluation, he received an overall rating of not meeting expectations that he alleges resulted in his P&T application being denied. (*Id.* ¶ 22) On March 12, 2021, Plaintiff received a final notice from KSU's President that his promotion and tenure had been denied (Declaration of Karen McDonnell ¶ 3). However, as is customary when P&T is denied, KSU extended a one-year final contract for the 2021-2022 school year. (*Id.*)

Plaintiff filed a grievance with KSU's Office of Institutional Equity (OIE) on July 1, 2021 alleging that the University discriminated against him by denying his P&T and that certain employees mistreated, harassed, and retaliated against him. (Doc. 39 ¶ 47) OIE released the report of its findings on May 16, 2022. (*Id.*) On October 5, 2022 (572 days after receiving final notice from KSU that his P&T application was denied), Plaintiff filed an EEOC Charge alleging national origin, race, and religious discrimination and retaliation. (McDonnell Declaration ¶ 4) [1]

---

[1] At various times, the parties have submitted these documents with prior pleadings (*see e.g.*, Doc. 5 at 82 and Doc. 6-2 at 4-5). Plaintiff has never disputed the timing of when he received notice that his P&T application had been denied. If factual disputes about timing and the exhaustion of administrative remedies remain, the Court can consider facts outside the pleadings at that time. *See Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010).

### III.  ARGUMENT AND CITATION TO AUTHORITY

#### A. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). As such, a party can move for judgment on the pleadings only after the complaint and answer have been filed. *See*, Fed. R. Civ. P. 7(1). Here, pleadings closed on April 9, 2025 when the Defendant filed its Answer to Plaintiff's Second Amended Complaint. (Doc. 40)

"Judgment on the pleadings is appropriate when no material facts are in dispute and the movant is entitled to a judgment as a matter of law." *Washington v. Rivera*, 939 F.3d 1239, 1242 (11th Cir. 2019). In reviewing judgments on the pleadings, courts "accept as true all material facts alleged in the non-moving party's pleading, and view those facts in the light most favorable to the non-moving party." *Thompson v. Regions Security Services, Inc.*, 67 F.4th 1301, 1305 (11th Cir. 2023).

Motions for judgment on the pleadings are governed by the same standards that apply to motions to dismiss under Rule 12(b)(6). *Mobile Telecomms. Techs., LLC v. United Parcel Serv.*, 173 F.Supp.3d 1324, 1327 (N.D. Ga. 2016). "The main difference between the motions is that a motion for judgment on the pleadings is made after an answer and that answer may also be considered in deciding the motion." *United States v. Bahr*, 275 F.R.D. 339, 340 (M.D. Ala. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Factual allegations must be enough to raise a right to relieve above the speculative level "on the assumption that all of the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007). Thus, a complaint must assert a factual narrative that is plausible enough to demonstrate a reasonable chance that the plaintiff can substantiate his claims. *See Iqbal*, 566 U.S. at 679.

### B. Plaintiff's P&T Claim is Untimely.

A plaintiff is required to file a charge of discrimination with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred" prior to filing a Title VII action. 42 U.S.C. § 2000e-5(c). "Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge." *Rizo v. Alabama Dept. of Human Resources*, 228 Fed.Appx. 832,836 (11th Cir. 2007) (quoting *Alexander v. Fulton County, Ga.*, 207 F.3d 1303,1332 (11th Cir. 2001)). If a plaintiff fails to file an EEOC charge within the 180-day limitations period, the claim will be barred for failure to exhaust administrative remedies. *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003).

Here, Plaintiff was notified on March 12, 2021 by Pamela Whitten, the then-President of KSU, that his P&T application was denied and that he was being extended a one-year final contract that would end after the 2021-2022 school year. (McDonnell Decl. ¶ 3) Plaintiff then waited until October 5, 2022—***572*** days after learning of his P&T denial—to file a charge of discrimination with the EEOC. (*Id.* ¶ 4)

In his prior pleadings, Plaintiff has never disputed that he was told that his P&T application was denied in March 2021. Instead, he has stated that he filed his charge within 180 days of his ***termination*** date. However, the statute of limitations trigger is not extended by KSU's issuance of a one-year contract after denying Plaintiff's P&T. Indeed, the Supreme Court has held that the denial of tenure triggers the limitations period, not the date the professor feels the impact of P&T denial:

> In sum, the only alleged discrimination occurred—and the filing limitations period therefore commenced—at the time the tenure decision was made and communicated to Ricks. That is so even though one of the *effects* of the denial of tenure—the eventual loss of a teaching position—did not occur until later. The Court of Appeals for the Ninth Circuit correctly held, in a similar tenure case, that "the proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." *Abrams v. University of Hawaii*, 594 F.2d 202, 209 (1979) (emphasis added). …We conclude for the foregoing reasons that the limitations periods commenced to run when the tenure decision was made and Ricks was notified.

*Delaware State College v. Ricks*, 449 U.S. 250, 251-252 (1980). Thus, Plaintiff's limitations period was triggered on March 12, 2021 upon learning his P&T was denied, not when his contract ended.

Similarly, Plaintiff's filing of grievances with KSU's Office of Institutional Equity have no impact on the statute of limitations. The Supreme Court in *Ricks* held, "[T]he pendency of a grievance, or some other method of collateral review of unemployment decision does not toll the running of the limitations periods." *Ricks*, 449 U.S. at 261.

Accordingly, Plaintiff's P&T claim is untimely. As such, Plaintiff's P&T claim should be dismissed with prejudice.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's allegations related to his Promotion and Tenure Denial should be dismissed as untimely.

Respectfully submitted, this 23rd day of April, 2025.

        **GREGORY, DOYLE, CALHOUN & ROGERS, LLC**

        */s/ William P. Miles, Jr.*
        William P. Miles, Jr.
        Georgia Bar No. 505828
        *Special Assistant Attorney General*
        Yosra Khalifa
        Georgia Bar No. 507204

49 Atlanta Street
Marietta, GA 30060

Telephone: (770) 422-1776
Facsimile: (770) 426-6155
wmiles@gdcrlaw.com
ykhalifa@gdcrlaw.com

## **CERTIFICATE OF COMPLAINCE WITH L.R. 5.1B**

I certify that the foregoing pleading was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1B.

/s/ Willaim P. Miles, Jr.
William P. Miles, Jr.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DR. MOHAMMED RAHIM UDDIN CHOWDHURY,  )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　Plaintiff,　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>THE BOARD OF REGENTS OF　　　　　　　)<br>THE UNIVERSITY SYSTEM OF　　　　　　　)<br>GEORGIA,　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　Defendant.　　　　　　　　　　　　)| Civil Action File No.<br>1:23-CV-02420-SDG-CMS |

**CERTIFICATE OF SERVICE**

I certify that on this 23rd day of April 2025, I filed the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of Court using the CM/ECF system and sent a copy via U.S. Mail with proper postage to Plaintiff, *pro se*, at the following address:

　　　　　Dr. Mohammed Rahim Uddin Chowdhury
　　　　　1555 River Oak Dr
　　　　　Roswell, GA 30075

　　　　　　　　　　　　　*/s/* William P. Miles, Jr.
　　　　　　　　　　　　　William P. Miles, Jr.