IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DR. MOHAMMED RAHIM UDDIN
CHOWDHURY,
     Plaintiff,

v.

THE BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF
GEORGIA,
     Defendant.

CIVIL ACTION NO.
1:23-cv-2420-SDG-CMS

## **NON-FINAL REPORT AND RECOMMENDATION AND ORDER**

Pro se Plaintiff Mohammed Rahim Uddin Chowdhury, who was previously employed as an assistant professor at Kennesaw State University ("KSU"), brings this lawsuit against The Board of Regents of the University System of Georgia ("Defendant" or the "Board of Regents") asserting hostile work environment, discrimination, and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant presently moves the Court for partial judgment on the pleadings, arguing that Plaintiff failed to exhaust his administrative remedies in a timely manner with respect to any claims based on KSU's denial of Plaintiff's application for promotion and tenure. [Doc. 42]. Because Defendant seeks judgment on only parts of Plaintiff's claims and not on any entire cause of action alleged in Plaintiff's Second Amended Complaint, I find that the motion for partial judgment on the pleadings is procedurally improper and will recommend that the

motion be denied.  Additionally, because I do not reach the merits of the motion for partial judgment on the pleadings, I **DENY** Plaintiff's Motion for Leave to File Sur-reply in Opposition to Defendant's Motion for Partial Judgment on the Pleadings [Doc. 52].

## I.    **PROCEDURAL BACKGROUND**

On May 30, 2023, Plaintiff filed his original complaint in this action, asserting Title VII claims against KSU for discrimination, harassment, and retaliation.  [Doc. 1, Compl.].  KSU moved to dismiss the complaint, arguing that (1) KSU is not a legal entity capable of being sued; (2) Plaintiff failed to properly serve KSU; (3) Plaintiff's claims associated with the denial of his promotion and tenure were untimely; and (4) the complaint was an impermissible shotgun pleading.  [Doc. 6].

On September 7, 2023, I issued a non-final report and recommendation, finding that KSU was not subject to suit, that Plaintiff had not properly served KSU, and that Plaintiff's complaint was a shotgun pleading.  [Doc. 14].  I did not address the argument that Plaintiff's claims concerning the promotion and tenure decision were time-barred.  [*Id.* at 14 n.4].  I recommended that KSU's motion to dismiss be granted but that Plaintiff be permitted to file an amended complaint that named the proper defendant and corrected the pleading deficiencies.  [*Id.* at 16–17].  The district judge adopted my recommendations, dismissed KSU as a party to the lawsuit, and allowed Plaintiff to file and serve an amended complaint.  [Doc. 21].

On April 16, 2024, Plaintiff filed an amended complaint that named the Board of Regents as the defendant and asserted a single cause of action for race-based discrimination and retaliation under 42 U.S.C. § 1981. [Doc. 22]. The Board of Regents moved to dismiss the amended complaint, and Plaintiff moved for leave to file a second amended complaint. [Docs. 23, 24]. On August 1, 2024, I issued a final report and recommendation, recommending that the district judge grant the motion to dismiss the amended complaint and deny Plaintiff leave to file a second amended complaint. [Doc. 27]. Plaintiff objected, and the parties briefed those objections. [Docs. 30, 34, 35]. The district judge adopted my recommendation that the motion to dismiss be granted but permitted Plaintiff to file a second amended complaint asserting Title VII claims for discrimination, harassment, and retaliation.[1] [Doc. 38]. The district judge noted that the proposed second amended complaint contained certain pleading errors found in shotgun pleadings. [*Id.* at 6–7]. Plaintiff, however, was not required to correct those errors. Instead, the Court noted that in his proposed second amended complaint, Plaintiff had "plausibly alleged discrimination and retaliation by the Board." [*Id.* at 7]. The Court directed the Clerk

---

[1] Plaintiff also sought to assert a claim under the Georgia Fair Employment Practices Act for discrimination and retaliation on the basis of race and national origin, but the district judge found that this claim would be futile because Plaintiff did not plead exhaustion or a basis for equitable tolling. [Doc. 38 at 11–12]. Therefore, although the claim still appears in the Second Amended Complaint, the district judge ruled that this claim could not go forward. [*Id.* at 14].

3

to file the proposed second amended complaint and ordered the Board to file an answer.  [*Id.* at 14].

Plaintiff's Second Amended Complaint, which is now the operative pleading, includes four counts.  [Doc. 39, Second Am. Compl.].  A summary of each of those counts is below:

- Count One is a cause of action under Title VII for hostile work environment based on Plaintiff's national origin, alleging that KSU engaged in discriminatory behavior towards Plaintiff, including, among other actions, denying him promotions.  [*Id.* ¶¶ 49–55].

- Count Two asserts a Title VII retaliation claim, alleging that after Plaintiff complained about discrimination and retaliation based on his national origin, KSU retaliated against him by not scheduling a meeting that Plaintiff requested with the dean in March 2022 and by removing his name from his student's research in April 2022.  [*Id.* ¶¶ 56–61].

- Count Three is a Title VII claim for race discrimination, which alleges that KSU engaged in unlawful, discriminatory employment practices, including, among other actions, denying Plaintiff promotions.  [*Id.* ¶¶ 62–67].

- Count Four asserts a second retaliation claim under Title VII, alleging that KSU retaliated against Plaintiff after he complained about

discrimination by not scheduling a meeting that Plaintiff requested with the dean, removing Plaintiff's name from his student's research, and creating a "hostile and oppressive work environment for Plaintiff." [*Id.* ¶¶ 68–75].

Defendant has filed its Answer, Affirmative, and Additional Defenses to Plaintiff's Second Amended Complaint. [Doc. 41].

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant now moves for partial judgment on the pleadings, arguing that Plaintiff's promotion and tenure claims should be dismissed as untimely. [Doc. 42]. In addition to filing a brief in support of the motion, Defendant has filed the Declaration of Karen MacDonnell, the Vice President of Human Resources and Chief Human Resources Officer at KSU, which includes as exhibits (1) the letter notifying Plaintiff of the promotion and tenure decision and (2) the charge of discrimination that Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"). [Docs. 42-1 and 42-2]. Plaintiff has filed a brief in opposition to the motion, along with his own affidavit. [Doc. 44]. Defendant has filed a reply brief, and Plaintiff has moved for leave to file

5

a surreply brief, which Defendant opposes.  [Docs. 50, 52, and 53].  I will address the latter motion first.

## II.    <u>MOTION FOR LEAVE TO FILE SURREPLY</u>

Plaintiff seeks leave to file a surreply brief to respond to what Plaintiff claims are new arguments and authorities that Defendant raised in its reply brief regarding equitable tolling.  [Doc. 52].  Plaintiff states that allowing him to file a surreply brief will ensure that the Court has a full and fair presentation of the issues, thereby aiding in the resolution of the motion for partial judgment on the pleadings.  [*Id.* at 2].

Defendant opposes Plaintiff's request to file a surreply, stating that Defendant did not raise new arguments in its reply brief but simply responded to arguments that Plaintiff made in his response brief.  [Doc. 53 at 1–3].  Defendant also emphasizes that Plaintiff has already had an opportunity to brief his arguments concerning equitable tolling.  [*Id.* at 3–4].  Defendant's remaining arguments challenge the merits of Plaintiff's arguments in the proposed surreply.  [*Id.* at 4–6].

This Court's Local Rules allow limited filings in relation to a given motion: the motion and supporting brief, a response, and a reply.  LR 7.1, NDGa.  A district court has discretion to permit a surreply brief, but "this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply

brief." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (citation omitted).

Because I find that the motion for partial judgment on the pleadings is procedurally improper, as I will explain in detail below, I do not reach the issue of equitable tolling in my analysis of the motion and need not consider Plaintiff's proposed surreply. Therefore, Plaintiff's Motion for Leave to File Sur-reply in Opposition to Defendant's Motion for Partial Judgment on the Pleadings [Doc. 52] is denied.

## III.    MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

### A. Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Courts in the Eleventh Circuit apply the same pleading standard for motions filed pursuant to Federal Rule of Civil Procedure 12(c) as they do for motions filed under Rule 12(b)(6); Rule 12(b)(6) allows the court to dismiss a complaint, or portions thereof, for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6); *see Losey v. Warden*, 521 F. App'x 717, 719 (11th Cir. 2013) (per curiam) (reviewing the grant of a motion for judgment on the pleadings and applying the motion to dismiss standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*")); *Griffin v. SunTrust*

*Bank, Inc.*, 157 F. Supp. 3d 1294, 1295 (N.D. Ga. 2015) ("The legal standard for assessing a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6)."), *aff'd*, 648 F. App'x 962 (11th Cir. 2016) (per curiam).

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In considering a motion for judgment on the pleadings, the court must eliminate any allegations that are merely legal conclusions, and then, where there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Although reasonable inferences are made in a plaintiff's favor in considering a motion for judgment on the pleadings, "unwarranted deductions of fact are not admitted as true." *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1248 (11th Cir. 2005) (per curiam)

(citation and quotation marks omitted).  As with a motion to dismiss, in deciding whether to grant a Rule 12(c) motion, courts "must accept all facts in the complaint as true and view them in the light most favorable to the plaintiff[ ]."  *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006); *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("The plaintiff's factual allegations are accepted as true.").

Generally, when ruling on a motion for judgment on the pleadings, the court must treat the motion as one for summary judgment under Federal Rule of Civil Procedure 56 if the court considers matters outside the pleadings. FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  If, however, a defendant alleges that a plaintiff's claims should be dismissed for failure to exhaust administrative remedies, "[t]he judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 535 (11th Cir. 2014) (per curiam) (citing *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)); *see also Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) (per curiam) (holding that the district court properly considered the parties' evidence, including the plaintiff's EEO complaint

and her affidavit supporting her request for tolling, on a motion to dismiss raising an exhaustion of administrative remedies defense).

### B. Relevant Facts

Plaintiff, who is Asian and was born and raised in Bangladesh, began employment at KSU on August 10, 2015, as an assistant professor of statistics. [Second Am. Compl. ¶¶ 2, 3, 15]. Plaintiff alleges that he received fair and favorable evaluations during the first four years of his employment, but he alleges that he began to suffer race and national origin discrimination, harassment, and retaliation when a new chair took over his department. [*Id.* ¶¶ 16–21].

Among several other alleged discriminatory actions, Plaintiff complains that he was unfairly denied promotion and tenure after receiving an unfavorable fifth-year review, while two of his less accomplished, White American colleagues received tenure. [Second Am. Compl. ¶¶ 4–5, 22, 26–30, 44–47]. KSU provided Plaintiff formal notice of the denial of promotion and tenure on March 12, 2021. [Doc. 42-2, Declaration of Karen MacDonnell "MacDonnell Decl." ¶ 3; *see also* MacDonnell Decl., Ex. A (Doc. 42-2 at 4)]. However, KSU provided Plaintiff a one-year final contract for the 2021-2022 academic year. [MacDonnell Decl. ¶ 3]. Plaintiff alleges that KSU's discriminatory acts continued during his final year of

employment, including in April 2022 when KSU removed Plaintiff's name from his student's research.  [Second Am. Compl. ¶¶ 4, 48, 51, 58, 64, 71].

On July 1, 2021, Plaintiff filed a grievance with KSU's Office of Institutional Equity ("OIE"), alleging that KSU discriminated against him by denying his application for promotion and tenure and claiming that he had suffered disparate treatment and harassment based on race, national origin, and religion.  [Second Am. Compl. ¶ 47; MacDonnell Decl., Ex. B (Doc. 42-2 at 6, 8].  Plaintiff alleges that KSU retaliated against him by not releasing the investigatory report until May 16, 2022, after Plaintiff's employment contract with KSU had ended.  [Second Am. Compl. ¶¶ 37–38, 47].

On October 5, 2022, Plaintiff filed a Charge of Discrimination with the EEOC (the "EEOC Charge"), alleging national origin, race, and religious discrimination and retaliation.  [MacDonnell Decl. ¶ 4; *see also* MacDonnell Decl., Ex. B].

**C. Discussion**

Defendant moves for partial judgment on the pleadings, arguing that any claims based on the denial of promotion and tenure are time-barred because Plaintiff failed to file his EEOC Charge within 180 days of receiving formal notice that KSU denied his application for promotion and tenure.  [Doc. 42-1 at 1–2, 6–8].  Defendant does not identify the count(s) in the Second Amended Complaint that Defendant is challenging, but I presume that Defendant seeks to challenge part of the hostile work

environment claim in Count One and part of the race discrimination claim in Count Three because both of those counts allege that KSU harassed and discriminated against Plaintiff in various ways, including by denying him promotions.

Plaintiff asserts three arguments in opposition to the motion for partial judgment on the pleadings. Plaintiff first points out that there is no claim in the Second Amended Complaint that focuses exclusively on the denial of promotion and tenure, and Plaintiff therefore asserts that it is procedurally improper for Defendant to challenge the promotion and tenure issue as if it is a discrete claim. [Doc. 44 at 2–3]. Plaintiff next argues that his claims based, in part, on the denial of promotion and tenure are timely because he filed his EEOC Charge within 180 days of KSU's last discriminatory act, which allegedly occurred on April 29, 2022, when KSU removed Plaintiff's name from his student's research. [*Id.* at 3]. Plaintiff finally argues that even if the Court determines that the 180-day period began to run when KSU communicated the promotion and tenure decision, equitable tolling should apply because KSU officials explicitly instructed him that he had to await the

conclusion of the internal investigation by KSU's OIE before he could take any external action, including filing a charge with the EEOC.[2]  [*Id.* at 1–2, 4–5].

Defendant's motion for partial judgment on the pleadings is procedurally improper because it does not seek dismissal of any entire cause of action in the Second Amended Complaint. *See Affordable Aerial Photography, Inc. v. Abdelsayed*, No. 21-81331-CIV-CANNON/Reinhart, 2022 WL 1124795, at *4–6 (S.D. Fla. Apr. 15, 2022) ("*Abdelsayed*") (ruling that Rule 12(c) does not authorize a partial judgment on a single claim or defense); *Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-20079-CIV-SINGHAL/LOU, 2021 WL 894380, at *2 (S.D. Fla. Mar. 3, 2021) ("The Court agrees . . . that partial judgment on the pleadings is not appropriate here because it would not dispose of any single claim."). In contrast to Federal Rule of Civil Procedure 56, "which permits summary judgment on 'part of [a] claim or defense[,]'" the text of Rule 12(c) "does not explicitly authorize courts to carve up claims or defenses on a motion for judgment on the pleadings." *Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 894 (N.D. Ill. 2018) (citations omitted). "That the Civil Rules explicitly provide for

---

[2] In his affidavit, Plaintiff also mentions that he contacted the EEOC on June 28, 2022, to initiate a complaint and was informed that October 28, 2022, was the last permissible day to file a timely complaint based on the last act of discrimination on April 29, 2022.  [Doc. 44, Affidavit of Mohammed Rahim Uddin Chowdhury "Chowdhury Aff." ¶ 2].  However, in his brief, Plaintiff appears to base his equitable tolling argument on only the alleged misconduct of KSU.  [Doc. 44 at 1–2, 4–5].

summary judgment on part of a claim under Rule 56(a) but not for judgment on part of a claim under Rule 12(c) counsels strongly against reading Rule 12(c) to implicitly permit such judgments." *Id.* (citations omitted); *see also Abdelsayed*, 2022 WL 1124795, at *5 (endorsing the same reasoning). Thus, "judgment on the pleadings on something less than an entire cause of action [is] inappropriate." *Bolender v. Carnival Corp.*, No. 13-24215-CIV-ALTONAGA, 2014 WL 12527190, at *1 (S.D. Fla. Apr. 7, 2014) (citing *In re Amica, Inc.*, 130 B.R. 792, 796 (N.D. Ill. 1991)).

The Court is aware that some courts have granted partial judgment on the pleadings as to a part of a claim. *See, e.g.*, *S. All. for Clean Energy v. Fla. Power & Light Co.*, No. 16-23017-CIV-GAYLES/OTAZO-REYES, 2018 WL 4829218, at *3 (S.D. Fla. Aug. 10, 2018), *adopted by* 2018 WL 4828434 (S.D. Fla. Sept. 12, 2018); *Lenhart v. Printing Indus. Ins. & Health Care Plan*, 818 F. Supp. 331 (M.D. Fla. 1993). Given the persuasive analysis and reasoning set forth in *Kenall Mfg.* and *Abdelsayed*, cited *supra*, I respectfully disagree that such action is proper. Therefore, Defendant's motion for partial judgment on the pleadings on the issue of the timeliness of Plaintiff's promotion and tenure claims is procedurally improper and should be denied.

Notwithstanding this ruling, I agree with Defendant that the denial of promotion and tenure was a discrete, actionable incident of discrimination and that

14

discrete discriminatory actions, such as promotion decisions, are not actionable if they are time-barred. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *see also Stuart v. Jefferson Cnty. Dep't of Hum. Res*., 152 F. App'x 798, 800–801 (11th Cir. 2005) (per curiam) (holding that failure-to-promote claim was time-barred where the plaintiff filed his EEOC charge more than 180 days after he was informed that he was denied the promotion).   While Plaintiff has tried to characterize the denial of promotion and tenure as a continuing violation—both in the Second Amended Complaint and in his briefing—it is not.  *Id.* at 800–01 ("An employer's failure to promote is a discrete act or single occurrence and therefore the continuing violation doctrine does not apply.").   Because Plaintiff's denial of promotion and tenure is based on a single occurrence, Plaintiff should have pled the claim in a separate count to promote clarity.  FED. R. CIV. P. 10(b).  If Plaintiff had done so, Defendant would have been able to direct its motion for partial judgment on the pleadings to a single claim, rather than to parts of claims in the Second Amended Complaint.  Given the posture of the case, however, any issues regarding timeliness and equitable tolling must be addressed at the summary judgment stage, rather than on a motion for partial judgment on the pleadings.

IV.    **CONCLUSION**

Based on the foregoing, I **RECOMMEND** that Defendant's Motion for Partial Judgment on the Pleadings [Doc. 42] be **DENIED**.[3]

Plaintiff's Motion for Leave to File Sur-reply in Opposition to Defendant's Motion for Partial Judgment on the Pleadings [Doc. 52] is **DENIED**.

**SO REPORTED, RECOMMENDED and ORDERED**, this 29th day of September, 2025.

Catherine M. Salinas
United States Magistrate Judge

---

[3] If the district judge disagrees with my recommendation, the motion for partial judgment on the pleadings may be referred back to me for a supplemental report and recommendation that addresses the merits of the timeliness of the promotion and tenure claim and of the application of equitable tolling.

16