**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MOHAMMED RAHIM UDDIN
CHOWDHURY,
  Plaintiff,

              v.

THE BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA,
  Defendant.

Civil Action No.
1:23-cv-02420-SDG

**OPINION AND ORDER**

This case is before the Court on the Non-Final Report and Recommendation

(R&R) of United States Magistrate Judge Catherine M. Salinas [ECF 54], which

recommends that Defendant The Board of Regents of the University System of

Georgia's motion for partial judgment on the pleadings [ECF 42] be denied. Both

parties filed objections [ECFs 56, 57]. After careful consideration, the parties'

objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

**I.    APPLICABLE LEGAL STANDARD**

A party challenging a report and recommendation issued by a United States

Magistrate Judge must file written objections that specifically identify the portions

of the proposed findings and recommendations to which an objection is made and

must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353,

1361 (11th Cir. 2009). The district court must "make a *de novo* determination of

those portions of the report or specified proposed findings or recommendations to

1

which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## II.    DISCUSSION

The factual and procedural background of this case are fully set out in the R&R.[1] The R&R recommends that the Board's motion for partial judgment on the pleadings be denied as procedurally improper because it does not seek dismissal of any entire cause of action in Plaintiff Mohammed Rahim Uddin Chowdhury's

---

[1]    ECF 54, at 2–6, 10–11.

2

second amended complaint.[2] In its objections, the Board notes that some district courts in this circuit have granted partial judgments on the pleadings as to parts of a claim, and the Eleventh Circuit has not directly opined; the Board also contends that the R&R should have converted its motion into one for summary judgment under Fed. R. Civ. P. 12(d).[3] Critically here, the Board has failed to show that the recommended denial of its motion was an *error*, such that the Court would be compelled to grant its motion. Accordingly, the Board's objections are overruled.

The R&R's conclusion follows the reasoning of several district courts in this circuit. *See, e.g.*, *Affordable Aerial Photography, Inc. v. Abdelsayed*, No. 21-81331-CIV, 2022 WL 1124795, at *4 (S.D. Fla. Apr. 15, 2022) ("Rule 12(c) does not recognize a motion for judgment on a portion of a claim."); *Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-20079-CIV, 2021 WL 894380, at *2 (S.D. Fla. Mar. 3, 2021) ("Rule 12(c)'s language contains no provision for a 'partial' judgment on the pleadings directed to only a portion of a single claim."); *Bolender v. Carnival Corp.*, No. 13-24215-CIV, 2014 WL 12527190, at *1 (S.D. Fla. Apr. 7, 2014) ("The Court aligns itself with those courts that have found judgment on the pleadings on something less than an entire cause of action to be inappropriate."). The R&R notes that some

---

[2]    *See generally id.*

[3]    *See generally* ECF 56.

district courts have nevertheless granted partial judgment on the pleadings as to a part of a claim, and the Board's objections demonstrate there is disagreement among district courts in this circuit. *See, e.g.*, *United States Sugar Corp. v. Com. & Indus. Ins. Co.*, 644 F. Supp. 3d 1057, 1063–64 (S.D. Fla. 2022) ("Judges in the Southern District generally find that they may decide partial issues, especially matters of law, on motions for judgment on the pleadings.") (collecting cases).

The Board has not presented undersigned with any binding authority from the Eleventh Circuit addressing this practice—its sole Eleventh Circuit citation is that court's unpublished decision in *Gemini Insurance Company v. Castro*, 723 F. App'x 797 (11th Cir. 2018), which did affirm the district court's grant of partial judgment on the pleadings. However, it is not clear in *Gemini* that the district court granted partial judgment on the pleadings as to a part of a claim, rather than partial judgment as to some claims but not others. *See id.* at 799 (noting that the district court determined that the alleged tortfeasors "were not insureds under Gemini's policy[ ] and entered partial judgment on the pleadings in Gemini's favor," and that "prior to the institution of this appeal, [the district court] had entered final judgment on *all* claims") (emphasis in original). Nor is there any indication in *Gemini* that the procedural propriety of this practice was raised by the parties or considered by the court. The R&R does cite the Seventh Circuit's opinion in *BBL, Inc. v. City of Angola*, which reasons that "[a] motion for judgment

4

on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)," and "Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." 809 F.3d 317, 325 (7th Cir. 2015) (citations omitted, emphasis in original).[4]

As such, the Board has presented undersigned no binding authority that would require the Court to consider its motion for partial judgment on the pleadings as to parts of Chowdhury's claims. Indeed, the second amended complaint does not contain a "promotion & tenure claim." It contains four counts alleging that the Board violated Title VII by: (1) creating a hostile work environment based on Chowdhury's national origin; (2) retaliating against him after he complained about discrimination and harassment; (3) discriminating against him because of his race; and (4) creating a hostile work environment in

---

[4]  *BBL* contrasts this to Fed. R. Civ. P. 56's summary judgment standard, which "explicitly allow[s] for partial summary judgment and require[s] parties to identify each claim or defense — or the part of each claim or defense — on which summary judgment is sought." 809 F.3d at 325 (cleaned up); *see also Abdelsayed*, 2022 WL 1124795, at *5 (same). It is worth mentioning that *BBL* declined to definitively resolve the issue, as it was not "strictly germane" to the appeal. 809 F.3d at 325.

retaliation for his complaints about discrimination.[5] As the R&R notes, some of those counts are based in part on Chowdhury's allegation that he was denied a promotion and tenure. But there are other allegations that, if proven, might permit Chowdhury to recover on his Title VII claims, and the Board has not sought judgment on the pleadings as to those allegations. It is simply unnecessary to parse these details at the pleadings stage, considering that Chowdhury will be allowed to proceed on his Title VII claims anyway.

As for whether the R&R should have converted the Board's motion for partial judgment on the pleadings into one for summary judgment under Fed. R. Civ. P. 12(d), "[a] judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings." *Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1232 (11th Cir. 2010); *see also Caraway v. CoreCivic of Tennessee, LLC*, 98 F.4th 679, 688 (6th Cir. 2024) ("Faced with matters outside the pleadings, district courts have 'complete discretion' to accept them (and treat the motion as one for summary judgment) or ignore them (and treat the motion as one to dismiss)."). At a minimum, the Board has not shown that it would be an abuse of discretion for this Court to decline to entertain

---

[5] *See generally* ECF 39. The second amended complaint also contains a count alleging race and national origin discrimination under the Georgia Fair Employment Practices Act, but the Court previously denied Chowdhury leave to amend his complaint to bring that claim, concluding it was futile. ECF 38.

piecemeal summary judgment briefing, first as to the timeliness of Chowdhury's

claims to the extent they are based on his denial of promotion and tenure, and then

as to the remaining aspects of his Title VII claims. *See Harper*, 592 F.3d at 1232

(holding that the district court did not abuse its discretion by rescinding its order

converting the defendants' motion to dismiss into one for summary judgment).

The sequence of this case going forward is committed to Judge Salinas's sound

discretion.[6]

Lastly, because the R&R contains no recommendations that are adverse to

Chowdhury, his objections are overruled.[7] The R&R is clear that the issues of

---

[6]   The Board's histrionic argument that "*pro se* plaintiffs and unscrupulous lawyers can avoid early dismissals of untimely claims by lumping those untimely claims with timely claims in the body of one count," and thus "the consequence would be grave as defendants would be forced to litigate untimely claims — which could include much more expansive discovery — through summary judgment before they would be unable to attack untimely claims," ECF 56, at 3, merits a response in kind: "The horror! The horror!" Joseph Conrad, *Heart of Darkness*, *in* Heart of Darkness and Selected Short Fiction 115 (George Stade ed., Barnes & Noble Books 2008) (1899).

Moreover, the Federal Rules of Civil Procedure give the Court multiple tools to limit the burden of discovery in the appropriate circumstances. Under Fed. R. Civ. P. 26(c), the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, and the court has considerable latitude in focusing on the nature of the harm advanced to justify the order. Thus, a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule." *Wright & Miller's Federal Practice & Procedure* § 2036 (3d ed.) (internal quotation marks and footnote omitted).

[7]   *See generally* ECF 57.

timeliness and equitable tolling have been reserved for summary judgment. Nor does the R&R require Chowdhury to replead his claims, regardless of whether his second amended complaint complies with the letter or spirit of Fed. R. Civ. P. 10(b). No further clarification of the R&R is necessary.

## III.   CONCLUSION

The parties' objections to the R&R [ECFs 56, 57] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 54] as the Order of this Court. The Board's motion for partial judgment on the pleadings [ECF 42] is **DENIED**.

The Clerk is **DIRECTED** to re-submit this case to Judge Salinas for further proceedings.

**SO ORDERED** this 30th day of March, 2026.

_____
Steven D. Grimberg
United States District Judge